## HARRIET BATTEY v. WILLIAM BATTEY.

The eighth section of the "Act regulating Marriage and Divorce," provides that the Court shall have power upon the application of any married person to them, in the county in which such person shall reside, and for causes for which by law a divorce may be decreed, *or for such other causes as may seem to them to require it,* to assign to such person a separate maintenance out of the estate or property of the husband or wife in such manner as they may deem best : *held—*

That before the petition for separate maintenance can be rightfully preferred, the relation of cohabitancy must have been already broken up ; it must appear that the petitioner is in no fault ; that the cause of the separation is the unprovoked wrong of the respondent, and such as to necessitate the separation, and, if it do not equal in enormity, yet that it is like in kind with the offences that are causes of divorce.

*Held,* further, that to authorize the decree, there must be property out of which the provision can be made, or at least, means or ability for acquiring property, which can be well estimated and applied by the Court to that end.

This was a petition for separate maintenance. The opinion was delivered by DURFEE, C. J.

THIS petition was argued at the October term of this Court in the county of Kent, 1844, and continued nisi for

Harriet Battey v. William Battey.

advisement. It sets forth the intermarriage of the petition-
er and respondent, her residence in the State and county,
her continued conjugal fidelity ; and proceeds to state that
the said William has violated the marriage contract in this,
that he has repeatedly accused the petitioner alone, and in
the presence of others, of being disloyal and unfaithful as
his wife—continually intimating his suspicions, to the pe-
titioner and others, of her unfaithfulness—that he is natur-
ally of an evil disposition, quick, irritable, and violent in
his temper, making no effort to restrain it, but seemingly
seeking every the least trifling cause for its passionate in-
dulgence towards her—that he is habitually unkind, harsh
and cruel in his conduct toward, and treatment of her—
that he has often threatened her with personal violence and
injury, and that she, living in a remote place at a distance
from friends or neighbors, has greatly suffered from fear of
personal harm from her said husband.   That he has tra-
duced her character, as a woman and as a wife, by speak-
ing of her in the presence of people as a dissolute woman,
and faithless wife—that he has repeatedly ordered her to
quit the house, especially on the twenty-fifth of April,
1844, and refused to provide necessaries for her and her
child, whilst receiving himself all the rents and income of
her real and personal estate, and forbidding any of the
same being paid to her—that he has refused to employ
proper and necessary help in the family, and compelled her
when sick, and at other times, to work beyond her abili-
ty and strength, whereby her health has been greatly im-
paired—that he has prevented her enjoying, either at home
or abroad, the society of her relations and friends.   By
reason of which, she has suffered long and intensely in
her feelings from the want of that confidence, kindness
and affection, which she had a right to claim, and, also,

from the disgrace and reproach cast on her character by the false accusation he has made against her, destroying her happiness, and extinguishing all hope that she can ever again live with him as his wife. For these causes she prays for a decree of separate maintenance out of the estate or property of the said William, and also for the rents and income of her own property, and for the custody of her child, Mary Eliza Battey, (now between three and four years old,) and for provision for the support and education thereof.

This petition is preferred under the act regulating marriage and divorce; and it has been retained for advisement chiefly for the purpose of giving to the general language of the eighth section of said act, a judicial construction. By that section it is provided that this Court shall have power, upon the application of any married person to them in the county in which such person shall reside, and for the causes for which a divorce may be decreed, *or for such other causes as may seem to them to require it*, to assign to such person a separate maintenance out of the estate or property of the husband or wife of such person, in such manner as they may deem best, and that any justice of said Court may, in vacation, upon reasonable notice and proof made, make such interlocutory decrees, or grant such temporary injunctions, as may be necessary until a hearing can be had before the Court. The ninth section gives the Court power to regulate the custody and provide for the education, maintenance and support of the children of such persons.

A slight glance at the law in relation to divorce, and the judicial proceedings thereon, may reveal the evil, which the above recited eighth section was designed to remedy.

By the third section in the act concerning marriage and

divorce, of the revision of 1822, divorces might be decreed, in case of marriage within certain degrees of consanguinity particularly named, also for impotency, adultery, extreme cruelty, wilful desertion for five years, neglect or refusal on the part of the husband, being of sufficient ability, to provide necessaries for the subsistence of his wife ; and and also for any other gross wickedness or misbehavior, repugnant to or in violation of the marriage covenant.— Under this statute there was but one remedy for the injured party for every injury therein named, and that remedy was a decree of divorce *a vinculis ;* and it may have frequently happened that the injuring party has even been more desirous of a divorce than the injured. Indeed, in the course of adjudicating on such petitions, it has not unfrequently appeared that the respondent has felt no unwillingness to drive the petitioner to this extreme resort by the open perpetration of the very acts which it was known would justify a decree of divorce. For this evil, arising from the operation of the law as it then was, an act providing for a separate maintenance might at least to some extent furnish a remedy. And accordingly we find, that some time before the late revision, the Legislature did pass an act authorizing this Court to decree, for causes therein set forth, a separate maintenance. This act has been substantially re-enacted in the above recited eighth and ninth sections of the new revision. But neither the original act in regard to separate maintenance, nor its revision in these sections, stops short with the causes of divorce ; but provides that the Court shall have power to decree a separate maintenance, not only for causes for which divorce may be decreed, but for such other causes as may seem to them to require it. The causes for divorce are well understood —the language of the act defining them has received a

judicial construction, where such a construction is necessary, and it is only the very general terms of this additional clause that now require a judicial limitation or construction.

The terms of this clause certainly confer a very indefinite power, if they are to be independently regarded, and understood in their common acceptation. But the language, conferring power upon a judicial tribunal, is not to be so received. The power conferred and the language conferring it, must ever take limitation from the subject matter in which the effect is to be produced, and from the nature and organization of the tribunal on which the power is conferred, and which is to carry it into effect. Now, if this clause be so understood, it will be found that the causes which will justify a decree of separate maintenance will fall little short of those, which are required to justify a decree of divorce. The power conferred is one touching the relations which the law has established between husband and wife, and can be exercised only in cases where those relations have been disturbed. The power is conferred on this Court and can be exercised by it only as a judicial tribunal. Whatever discretion the language of the clause conferring it gives, must be a judicial and not a personal discretion. The causes, which to this Court seem to require a decree for separate maintenance, must therefore be causes known to the law. They must be found in some breach of those relations which are essential to the mutual observance of the marriage covenant, and in a breach, moreover, not produced by the wilful wrong of the petitioner.

Among the essential relations which the law recognises as established by the marriage contract is that of cohabitation, or at least an unabandoned mutual right of cohabita

tion : so long as there is no actual separation, or unequivocal renunciation of this right, the relation continues ; and the Court can take no notice of any mere disagreement of the parties.   The power given is not to decree a separation, but a separate maintenance ; such a decree seems to be inconsistent with a continued cohabitancy.   Before a petition then for separate maintenance can be rightfully preferred, the relation of cohabitancy must already have been broken up.   There must already be a separation of the parties.   And, in order to sustain the petition, it must be made to appear to the satisfaction of the Court that the petitioner is in no fault—that the cause of the separation is the unprovoked wrong of the respondent—that it is a cause sufficient to necessitate the separation—that it is of such a nature, as in the ordinary course of events, to operate a permanent separation, and that if it do not equal in enormity, yet that it is like in kind with the offences that are causes of divorce.   What amount of wrong or injury may be sufficient to justify a separation, can of course be determined only by the facts which shall appear in each particular case.

The kind of decree required, also, very obviously imposes limitations to the powers of the Court.   It is a decree for separate maintenance, and there must be property out of which the provision can be made, or at least, means or ability for acquiring property, which can be well estimated and applied by the Court to that end.

With these limitations, it will be perceived that the causes, for which the Court may decree a separate maintenance, can fall little short of those which would justify a decree of divorce.   They must be of the same nature, and spring not from accident or transient occasion, but from some continuously operative cause ; such as confirmed habits, natural temper, and the like.

Harriet Battey *v* William Battey.

These are such limits to the powers of the Court, conferred by the very general terms of the above clause, as have now occurred to us after deliberately considering the subject for the first time ; and *it now remains for us to enquire, whether the evidence adduced in support of the petition be such as to justify a decree of separate maintenance* according to the legal interpretation of the above clause. It may be doubtful whether the causes set forth in the petition, and proved, be such as would justify a decree of divorce. Although they bring the case very near to that of Smith, (tried some years since in the county of Providence,) yet the abuse here proved, is hardly equal to that proved in his case, either in degree or duration. But without deciding this point, we may enquire whether this case is so brought, by the evidence, within the meaning of the very general clause, whose limitations we have endeavored to point out, as to entitle the petitioner to the decree prayed for.

Here was a separation of the parties before the petition was prefered. This being admitted, the questions to be determined by the evidence are : Was the cause of separation the unprovoked wrong of the respondent ? Was the cause such as to render the separation necessary ? If so, is the cause such as in the ordinary course of events to operate a permanent separation ? Is the cause like in kind with any legal cause for divorce ?

N. B. It will be seen that this opinion is imperfect, yet as it contained the construction of the Court upon an important statute, it was thought its publication would be valuable to the Bar. The Court granted the petition and

decreed that the petitioner should have and receive all the rents, income, profits, proceeds and dividends of all the real estate of which she was possessed at the time of her intermarriage, consisting of a certain lot of land in the city of Providence, that the respondent should pay her annually the sum of one hundred dollars, to be applied for the maintenance and education of her infant daughter of whom she was to have the exclusive care, custody and control, and further ordered the respondent to pay down two hundred dollars in full for the amount due her up to the first day of April, A. D. 1845 ; the petition to remain open for any further order or decree of said Court.